IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

| | |
|---|---|
| **MICHAEL BRIAN NOWORYTA** | **PLAINTIFF** |
| **VERSUS** | **CIVIL ACTION NO. 5:21cv33-KS-JCG** |
| **PIKE COUNTY JAIL, MISSISSIPPI BUREAU OF NARCOTICS, PIKE COUNTY, OFFICER MARTINEZ, RICHARD BYNUM, and WARDEN HAROLD CLEMENTS** | **DEFENDANTS** |

## MEMORANDUM OPINION AND ORDER OF PARTIAL DISMISSAL

This matter is before the Court *sua sponte*. *Pro se* Plaintiff Michael Brian Noworyta is a pretrial detainee at the Pike County Jail, and he challenges an arrest and the conditions of his confinement. The Court has considered and liberally construed the pleadings. As set forth below, Defendants Pike County Jail and Mississippi Bureau of Narcotics ("MBN") are dismissed.

### BACKGROUND

Noworyta is currently awaiting trial on drug charges at the Pike County Jail. Defendants are the jail itself, jail employees Captain Richard Bynum and Warden Harold Clements, Pike County, the Mississippi Bureau of Narcotics, and MBN Officer Martinez. Noworyta challenges a previous arrest, as well as his conditions of confinement.

Noworyta claims he was originally arrested on January 9, 2020, after a traffic accident. He claims that Pike County deputies discovered, "among other groceries," a Ziploc bag of table salt, in his car. (Letter [5] at 1). He contends that Officer Martinez field tested the salt, and even though it tested negative for drugs, the officer falsely reported it was methamphetamine.

Noworyta was arrested, charged with possession of meth with intent to distribute, and taken to the Pike County Jail.

Later, Noworyta claims he was ordered released on bond by the state Justice Court on June 4, 2020. In spite of this and his attempt to post bond, he contends Captain Bynum and Warden Clements would not release him. Then, Noworyta maintains the state crime lab tested the salt a second time, and again it tested negative. He alleges this happened sometime before September 5, 2020, yet the charges were not dropped until May 4, 2021.

While in jail, Noworyta contends that he has been forced to sleep on the floor for thirteen and a half months, due to overcrowding. Allegedly, there were about seventeen other detainees likewise conditioned. Noworyta also complains of alleged "floor to ceiling black mold in and around the showers." (Resp. [13] at 4).

Noworyta filed this action on March 19, 2021. He seeks asks for compensatory damages.

## DISCUSSION

The Prison Litigation Reform Act of 1996 applies to prisoners proceeding *in forma pauperis* in this Court. The statute provides in part, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

"[I]n an action proceeding under [28 U.S.C. § 1915, a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* The Court has permitted Noworyta to proceed *in forma pauperis* in this action. His Complaint is subject to *sua sponte* dismissal under § 1915.

Among others, Noworyta sues both the Pike County Jail and Bureau of Narcotics under § 1983.

As for the jail, its capacity of a jail to be sued is determined according to Mississippi law. Fed. R. Civ. P. 17(b)(3). Under Mississippi law, a jail is not a separate legal entity which may be sued. Rather, it is an extension of the county. *Tuesno v. Jackson*, No. 5:08cv302-DCB-JMR, 2009 U.S. Dist. LEXIS 61416 at *2-3 (S.D. Miss. Apr. 30, 2009). Therefore, the jail is dismissed.

Turning to MBN, § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C. § 1983. The State of Mississippi is not amenable to suit under this statute, because "a State is not a person within the meaning of § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989). This holding likewise applies to "any governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes." *Id.* at 70. MBN is considered an arm of the State of Mississippi. *Buitt v.*

3

*Miss. Bureau of Narcotics*, 3:05cv522, 2007 U.S. Dist. LEXIS 109157 at *3 (S.D. Miss. Apr. 11, 2007).   Therefore, the Bureau of Narcotics is likewise dismissed.   The remainder of the case shall proceed.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, Defendants Pike County Jail and Mississippi Bureau of Narcotics are **DISMISSED WITH PREJUDICE** as frivolous.   The remainder of the case shall proceed.

**SO ORDERED AND ADJUDGED**, this the 24th day of September, 2021.

                                              /s/   Keith Starrett
                                 UNITED STATES DISTRICT JUDGE